IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 20-918 |
| | : | |
| v. | : | |
| | : | |
| ROCKVALE CONSTRUCTION, LLC, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 30th day of April, 2020, after a telephone conference with counsel, it is hereby **ORDERED** as follows:

1. The plaintiff's cause of action seeking a declaratory judgment relating to the defendant's duty defend it in the underlying action in the Court of Common Pleas of Chester County, Pennsylvania filed by Paul N. Emery and Georgeanna M. Emery originally against Woodstone Homes, Inc., Woodstone Custom Homes, L.P., Wyncote Holdings, L.P., West Vincent Capital Corp., Polo Run Capital Corporation, John Bachich and C. O'Brien Architects, Inc. ("the underlying action") is **DISMISSED WITHOUT PREJUDICE** by agreement of the parties;

2. The plaintiff's cause of action seeking a declaratory judgment relating to the defendant's duty to indemnify it in the underlying action is **DISMISSED WITHOUT PREJUDICE** by agreement of the parties;[1]

---

[1] Since the underlying action is still pending, the parties agree that any claims for a declaratory judgment on the duty to indemnify are not ripe and, as such, the court must dismiss them without prejudice. *See Republic Servs. of Pa., LLC v. Caribbean Operations, LLC*, 301 F. Supp. 3d 468 (E.D. Pa. 2018) ("The question of whether an insurer has a duty to indemnify is not ripe until there is an actual need for indemnification, that is, until liability has been determined in the underlying action." (citations omitted)); *Knightbrook Ins. Co. v. DNA Ambulance, Inc.*, Civ. A. No. 13-2961, 2013 WL 12145016, at *6 (M.D. Pa. Oct. 2, 2013) ("Our determination that the duty to indemnify is not ripe dovetails with the guidance of federal and Pennsylvania law that declaratory judgment on an insured's duty to indemnify is only appropriate when liability has been determined in the underlying action[.]" (citations omitted)); *Charter Oak Fire Ins. Co. v. Lazenby*, No. 1:10-cv-138-MBC, 2012 WL 2958246, at *9 (W.D. Pa. July 18, 2012) (collecting cases showing that "[n]umerous courts, both federal and state, have held that declaratory judgment actions on duty to indemnify only

2

3. The defendant's counterclaim is **DISMISSED WITHOUT PREJUDICE** by agreement of the parties; and

4. The clerk of court shall mark this matter as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

become ripe after the underlying liability is settled"); *Am. States Ins. Co. v. Component Techs., Inc.*, 420 F. Supp. 2d 373, 374 (M.D. Pa. 2005) ("As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action." (quoting *Cincinnati Ins. Cos. v. Pestco, Inc.*, 374 F. Supp. 2d 451, 465 (W.D. Pa. 2004))). However, because the parties have represented that the underlying action is close to resolution, the court will entertain the notion of reopening this case if either of the parties files an appropriate motion to reopen within a year from this order.